UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 17-1217-JDT-cgc |
| | ) | |
| DR. KERN, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*
AND NOTIFYING PLAINTIFF OF RESTRICTIONS UNDER 28 U.S.C. § 1915(g)

On November 22, 2017, the *pro se* Plaintiff, Frederick Rogers, filed a civil complaint while he was incarcerated at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee. (ECF No. 1.) The Court subsequently issued an order granting Plaintiff's motion for leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) That order also directed Plaintiff "to notify the Court immediately, in writing," of any change of address. (*Id.* at 3.)

On August 13, 2018, the Court dismissed the complaint for failure to state a claim and granted leave to file an amended complaint within thirty days. (ECF No. 6.) The order notified Plaintiff that if he "fails to file an amended complaint within the time specified,

the Court will assess a 'strike' pursuant to 28 U.S.C. § 1915(g) and enter judgment." (*Id.* at 7.) However, Plaintiff's copy of that order, sent to his address of record at the CJC, was returned undeliverable on August 29, 2018, marked "Return to Sender," "Refused," and "Unable to Forward." (ECF No. 7.)

Because Plaintiff has provided no current address and has failed to file an amended complaint as directed, judgment will be entered in accordance with the August 13, 2018, order dismissing the complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the third dismissal of one of his cases as frivolous, malicious, or for failure to state a claim.[1] This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground

---

[1] Rogers previously filed *Rogers v. Anderson, et al.*, No. 14-1199-JDT-egb (W.D. Tenn. Feb. 13, 2015) (dismissed for failure to state a claim); *Rogers v. Cunningham, et al.*, No. 14-1198-JDT-egb (W.D. Tenn. Jan. 2, 2015) (dismissed for failure to state a claim).

that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Consequently, Rogers is warned that he will be barred from filing any further actions *in forma pauperis* while he is a prisoner within the meaning of 28 U.S.C. § 1915(h) unless he is in imminent danger of serious physical injury. Under those circumstances, if any civil action filed by Rogers is not accompanied either by the civil filing fee or by allegations sufficient to show that, at the time of filing the action, he is in imminent danger of serious physical injury, the complaint will be filed, but Rogers will be required to remit the full civil filing fee. If he fails to do so, the case will be dismissed, and the filing fee will be assessed from his inmate trust account.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

        s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE